AZOR U. CHASE v. SPENCER & KINGSLEY.

*Book account. Power of auditor. Proper charges. Evidence.*

An auditor has power, after a cause has been heard and submitted to him, but upon which he has not made up or published his report, to open it for further testimony.

The exercise of this power may perhaps be revised by the county court; but error cannot be predicated of it.

A claim for money which an employer has been obliged to pay on account of the negligence of his employee, cannot be adjusted in the book action, when the employee denies his liability and does not assent to its being so adjusted.

The mere knowledge of the employee, that such charges are made against him, on the books of his employer, without a repudiation of them on his part, does not furnish evidence of an agreement by him to have them adjusted in the settlement of their book accounts.

BOOK ACCOUNT. The only items in dispute were two charges, in the defendants' account, for cash, one for $17.39, under date of October 31, 1851, and the other for $138.00, under date of November 2, 1851, in reference to which the auditor reported the following facts. The defendants were owners of a livery stable and of sundry lines of stages, and also agents for Thompson & Co.'s Express. Their office was kept in a recess of the bar-room of the Central House, in Brattleboro. In this office was a desk where their books were kept. The plaintiff was in their employment acting in various capacities. His chief business was to keep the books of the livery stable, attend to the staging business, and receive the packages of money and other things brought by the express, and also receive and forward all such packages left at the office to be sent by the express. He was not the only book-keep-

er; Mr. Kingsley, his son, and others in defendant's employ, occasionally made entries. When the plaintiff undertook to attend to the express business, the defendants told him never to leave any money in the desk in the office, to remain over night, saying that it was not a safe place to leave it, and that he must take it to his sleeping room, when he retired for the night. The plaintiff was a single man and boarded at the Central House.

In the evening of October, 30, 1851, the sum of $17.39 was received by the plaintiff, to be sent by express the next day, and on the same evening, the sum of $138.00 came by the express, and was received by the plaintiff, for Henry F. Smith, of said Brattleboro. He put both sums of money into the desk in the office, and went to bed leaving them there. The auditor found that the desk was not a safe place to keep the money over night; and that the plaintiff, in so leaving said money therein, was guilty of a want of ordinary care and prudence, and also acted in violation of the orders of the defendants. During the night the desk was forcde open and the money stolen.

On the discovery of the loss, the defendants blamed the plaintiff for violating their orders, and intimated that they should hold him liable to them, but he did not then and never has admitted any liability. The plaintiff then asked the defendants what he should do about sending on the $17.39, and they told him if he had sufficient money of theirs, on hand, to send it on ; and accordingly, having funds of the defendants' in his hands, he sent on the $17.39 by express, and on the same day the defendants charged the same to the plaintiff.

Henry F. Smith called several times on the defendants for his money, and finally came to their office by appointment on the 2d day of November, 1851, when they paid him the money $138.00, and immediately charged it on book to the plaintiff. The plaintiff soon ascertained that the two charges of $17.39 and $138.00 were made against him, they being on the same book wherein he himself did the principal part of the writing, but nothing was ever said between the parties on the subject, until about the 16th of April, 1853, at which time he left the defendants' employment and they tried to settle.

The auditor further reported that two days after the first hear-

ing of said cause, when the testimony was closed and the cause fully argued by counsel, and submitted to the auditor for his decision and report, the plaintiff applied for leave to introduce additional testimony, which was granted after a notice to and hearing of the defendants, who denied the power, in law, of the auditor so to do, and that the facts, as above reported, were found in part upon such additional testimony.

The county court, September Term, 1853,—COLLAMER, J., presiding,—rendered judgment upon the report, for the balance due to the plaintiff, disallowing the above charges of the defendants. Exceptions by the defendants.

*E. Kirkland*, for the defendants.

*Keyes & Howe* for the plaintiff.

The opinion of the court was delivered, at the circuit session in September, by

BENNETT, J.　We think the power of the auditor to open the cause for further testimony is not to be questioned, especially in a case like this, where it was done before he had made up and published his report.　This power should be exercised in the use of a sound discretion, which though the county court might revise the exercise of; yet it would not be a matter upon which error could be predicated.

As to the two items of money charged, they cannot be litigated in this form of action.　This money was not paid in the ordinary course of business; but it went to pay money lost through the fault of the plaintiff and for which the defendants were liable.　Though the defendants charged these two sums of money to the plaintiff on his book; and this fact came to the plaintiff's knowledge, and he did not repudiate the charge; yet this cannot be conclusive upon him, and does not furnish evidence of an agreement to have these charges settled in this form of action.　The case shows that the plaintiff never admitted his liability, and the auditor finds that if the plaintiff is liable, it is upon the ground of his negligence.

The judgment of the county court is affirmed.